**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| **ANDREW BOYD**, *individually and on behalf of all others similarly situated,* | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-20408-DPG |
| **THE COVER BEAR, LLC**, | ) | |
| Defendant. | ) | |

# THE COVER BEAR, LLC'S MOTION TO AMEND ORDER FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND STAY

Defendant The Cover Bear, LLC ("Cover Bear"), through counsel and pursuant to 28 U.S.C. § 1292 and Local Rule 7.1, respectfully moves this Court to amend its September 9, 2026, Paperless Order denying Cover Bear's Motion to Dismiss ("Order"), Dkt. No. 33, to certify that Order for the purpose of Cover Bear taking an interlocutory appeal of it to the Eleventh Circuit Court of Appeals. Cover Bear additionally requests that this matter be stayed pending the Court's ruling on the certification portion of this motion and, if the motion is granted, the resolution of the subsequent appeal. Cover Bear states as follows in support:

## I. INTRODUCTION

The Court's Order at issue here resolved a dispositive, purely legal question: does the private right of action Congress created in 47 U.S.C. § 227(c)(5) for certain "telephone calls" extend to "text messages"? While the Order's outcome is supported by one Judge's view in this Court, it is contradicted by the decisions of every other district judge in the Eleventh Circuit to have resolved this question post-*Loper Bright* and -*McLaughlin*. The Northern District of Alabama, Northern District of Georgia, Northern District of Florida, and Middle District of

Florida, have all held, unanimously, that, as a matter of law, Subsection 227(c)(5)'s private right of action cannot be expanded to text messages without Congressional amendment. The Eleventh Circuit will have to resolve this intra-Circuit split, and it should do so now, not after Plaintiff tries to put Cover Bear out of business through suffocating class discovery about the *bona fides* of every text message it has sent in the past five years.

In November 2025, Plaintiff received several marketing text messages from Cover Bear. *See* Complaint, Dkt. No. 1, ¶¶ 14-15. Plaintiff allegedly did not consent to receive those text messages, and his telephone number was on the Federal Trade Commission's National Do Not Call Registry ("NDNCR") at the time of receipt. *Id.* ¶¶ 20-22, 25. Based on those allegations, Plaintiff brought a Telephone Consumer Protection Act ("TCPA") claim under 47 U.S.C. § 227(c)(5) against Cover Bear, premised on alleged violations of 47 C.F.R. § 64.1200(c)(2). *Id.* ¶¶ 41-48. Plaintiff filed his claim as a putative class action in which he seeks to represent a class of persons whose telephone numbers were registered on the NDNCR and to whom Cover Bear sent text messages. *Id.* ¶ 31. Plaintiff's claim and the putative class claim involve no form of communication other than text messages.

On August 18, 2026, Cover Bear filed a Motion to Dismiss ("Motion"), Dkt. No. 27, that posed a controlling, dispositive question of law: whether "text messages" fall within the scope of 47 U.S.C. § 227(c)(5)'s phrase "telephone call." *Id.* at 1-12. Cover Bear argued that they do not, and thus Plaintiff's Subsection 227(c)(5), text-message claim fails at the pleadings stage because that subsection only provides a private right of action for persons who have "received more than one *telephone call.*" 47 U.S.C. § 227(c)(5). The Court's Order denied Cover Bear's Motion, thereby answering that question in the affirmative. *See* Order.

In the wake of the Supreme Court's decisions in *Loper Bright* and *McLaughlin*, there has been a "flood of lawsuits seeking judicial interpretations of 'telephone call' under § 227(c)(5)." *Richards v. Fashion Nova, LLC*, No. 1:25-cv-01145-TWP-MKK, 2026 U.S. Dist. LEXIS 65696, at *4 (S.D. Ind. Mar. 26, 2026). Cover Bear respectfully submits that the Order's interpretation of Subsection 227(c)(5)'s phrase "telephone call" diverges from how every other district court in the Eleventh Circuit presented with such lawsuits post-*Loper Bright* and -*McLaughlin* has interpreted that phrase, **including *this Court* just two days after the Order**. *See, e.g.*, *Anthony v. Brian Mktg. Grp.*, Case No. 24-80800-CIV-CANNON, 2026 U.S. Dist. LEXIS 210179, at *31 n.16 (S.D. Fla. Sept. 11, 2026) (Cannon, J.) ("As a final matter, **the Court also determines that the private right of action in § 227(c)(5) for persons receiving 'more than one telephone call within any 12-month period' does not authorize suits by cell phone users based on unwanted text messages (rather than calls)**." (emphasis added) (citing 47 U.S.C. § 227(c)(5))); *Conrad v. Hart Consumer Prods.*, Case No. 4:24-cv-307-CLM, 2026 U.S. Dist. LEXIS 209507, at *2 (N.D. Ala. Sept. 16, 2026) (Maze, J.) (holding "that text messages are not 'telephone calls' under" Subsection 227(c)(5)); *Radvansky v. Kendo Holdings, Inc.*, Case No. 3:23-cv-00214-LMM, 2026 U.S. Dist. LEXIS 65154, at *6 (N.D. Ga. Feb. 12, 2026) (May, J.) (holding that the plaintiff's "claim fails as a matter of law" upon a finding "that text messages do not fall within the term 'telephone call' under Section 227(c)(5)"); *Davis v. CVS Pharm., Inc.*, 797 F. Supp. 3d 1270, 1275-76 (N.D. Fla. 2025) (Winsor, J.) (noting that "[t]o succeed on his [Subsection] 227(c)(5) [claim], Davis had to allege that he received at least two 'telephone calls.' He alleged receiving only text messages. And because text messages are not telephone calls, he has not stated a claim."); *James v. Smarter Contact, Inc.*, 828 F. Supp. 3d 1367, 1372-73 (M.D. Fla.

2026) (Mizelle, J.) (holding that Subsection "227(c)(5)'s 'telephone call' does not include text messages" and finding that the plaintiff's "causes of action fail to state a claim" for that reason).

The Order also diverges from the only post-*Loper Bright* and -*McLaughlin* Circuit Court decision on this issue, in which the Seventh Circuit held that Subsection 227(c)(5)'s private right of action is limited to "telephone calls" and does not extend to unwanted text messages as a matter of law. *See Steidinger v. Blackstone Med. Servs*., 182 F.4th 532, 537 (7th Cir. 2026) ("both the overall statutory scheme and the ordinary public meaning of telephone call indicate that § 227(c)(5)'s private right of action does not extend to unwanted text messages."). Given the Order's embrace of the minority view on this issue, this Court should certify its Order for interlocutory review by the Eleventh Circuit.

While a decision from the Eleventh Circuit on whether Subsection 227(c)(5)'s phrase "telephone call" encompasses text messages would have general applicability to the many Subsection 227(c)(5) cases that involve text messages, it is also the quickest and most efficient path to ending this case. Plaintiff's claim, which is premised solely upon his alleged receipt of text messages, would have to be immediately dismissed with prejudice if the Eleventh Circuit rules that Subsection 227(c)(5)'s private right of action does not apply to text messages because they do not fall within the scope of the phrase "telephone call."

Plaintiff has already served two sets of overbroad and unduly burdensome discovery requests on Cover Bear. *See* Exhibits 1 and 2. Cover Bear has had to incur the time and expense of responding to those requests. On the heels of the Court's Order, Plaintiff now seeks to push Cover Bear to defend against a discovery dispute, which Plaintiff improperly represents as being "ripe for the Court's consideration." *See* Plaintiff's counsel's September 14, 2026 correspondence to the Court, attached as Exhibit 3. This Court should certify its Order for

interlocutory appeal, and this matter should be stayed before the Court and the parties, particularly Cover Bear given the grossly disproportionate discovery burdens on defendants in TCPA class cases, are made to spend inordinate time and expense engaging in discovery on a claim that **this Court, the Northern District of Alabama, the Northern District of Georgia, the Northern District of Florida, and the Middle District of Florida have held *does not exist* as a pure matter of law**.

## II. LEGAL STANDARD

28 U.S.C. § 1292(b) states in pertinent part that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

A district court exercises discretion in deciding whether to "certify an interlocutory order" and may do so when "(1) it involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Crespo v. Tesla Inc.*, Case No: 25-cv-80129-MIDDLEBROOKS/Matthewman, 2025 U.S. Dist. LEXIS 198783, at *4 (S.D. Fla. Aug. 22, 2025) (citing *Harris v. Luckey*, 918 F.2d 888, 892 (11th Cir. 1990)).

## III. ARGUMENT

### A. This Court Should Certify the Dispositive Legal Question Because All Three Certification Elements Are Easily Satisfied.

#### 1. Whether Text Messages Fall Within the Scope of Subsection 227(c)(5)'s Phrase "Telephone Call" is a Controlling, Pure Question of Law Concerning Statutory Interpretation.

The "controlling-question-of-law" certification element is satisfied when the order "concerns 'the meaning of a statutory or constitutional provision, regulation, or common law doctrine,' or 'an abstract legal issue' that 'the court of appeals 'can decide quickly and cleanly without having to study the record.''" *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1251 (S.D. Fla. 2013) (quoting *McFarlin v. Conseco Servs.*, 381 F. 3d 1251, 1258 (11th Cir. 2004)); *see also Acute, Inc. v. ECI Pharms., LLC*, 787 F. Supp. 3d 1342, 1356 (S.D. Fla. June 18, 2025) ("The issue of law is 'controlling' if 'reversal of the [trial] court's order 'would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome.''" (alteration in original) (quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 658 B.R. 19, 25 (S.D.N.Y. 2024))). An order is fit for interlocutory appeal when it involves a controlling legal question that is "stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *McFarlin*, 381 F.3d at 1259.

Here, the Order involves the meaning of Subsection 227(c)(5)'s phrase "telephone call" and whether it encompasses "text messages." That is a pure question of law involving statutory interpretation. *See Conrad*, 2026 U.S. Dist. LEXIS 209507, at *20 (noting that to decide "whether a text message is a 'telephone call' under" Subsection 227(c)(5), a court must engage in interpreting "the TCPA using ordinary principles of statutory interpretation.").

It is clearly a controlling question because a reversal of the Order would terminate this case. *Id.* at *2, *34 (dismissing the plaintiff's claims with prejudice upon finding "that text messages are not 'telephone calls' under" Subsection 227(c)(5)).

It is not a fact-bound question. The only fact relevant to this issue is whether Plaintiff's Subsection 227(c)(5) claim is premised solely upon text messages. It is undisputed that it is, and that there are no actual phone calls at issue. *See* Compl. ¶¶ 14-15. Thus, the only relevant matter in dispute here is the legal question of whether Plaintiff has a private right of action under Subsection 227(c)(5) for his alleged receipt of those text messages.

Finally, this controlling question of law goes beyond this case. It has a general applicability to any case involving a Subsection 227(c)(5) claim premised upon a plaintiff's alleged receipt of text messages. *See Mais*, 944 F. Supp. 2d at 1253 (in certifying an order for interlocutory appeal, this Court noted that "a decision by the Eleventh Circuit on the" relevant TCPA-related controlling legal question would "likely have application to a great number of cases going forward and will lessen the uncertainty presently in the law."). Allowing the Eleventh Circuit to address this issue has the real possibility of conserving judicial resources by prohibiting private Subsection 227(c)(5) claims premised solely on the receipt of text messages.[1]

The question at issue in the Order clearly satisfies the first certification element.

[1] The Court need not be concerned that this will leave individuals without recourse. Recipients of unsolicited marketing text messages, whose telephone numbers are registered on the NDNCR, would remain free to voice their "concerns about [such] texts to the FCC or" the relevant "State Attorney General and allow them to enforce the TCPA against" the senders of such text messages. *Conrad*, 2026 U.S. Dist. LEXIS 209507, at *33. And Florida residents are already protected by the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, which the Legislature expressly expanded in 2021 to apply to text messages (much like Congress expanded the Truth in Caller ID Act's spoofing law in 2018, 47 U.S.C. § 227(e), to include "text messages," even though it did not take the same action to expand the private right of action in Subsection 227(c)(5) since enacting it in 1991).

**2. The Split Between the District Courts in the Eleventh Circuit Shows That There is Substantial Ground for a Difference of Opinion on This Issue.**

The second certification element is satisfied "when the district court and other courts, and particularly the court of appeals, are not 'in 'complete and unequivocal' agreement' as to the resolution of the controlling legal question." *Mais*, 944 F. Supp. 2d at 1251-52 (quoting *McFarlin*, 381 F.3d at 1258). "[T]he district court has a duty to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Rodriguez v. P&G Co.*, 499 F. Supp. 3d 1202, 1208 (S.D. Fla. Nov. 6, 2020) (alteration in original) (quoting *Reyes v. BCA Fin. Servs., Inc.*, CASE NO. 16-24077-CIV-GOODMAN, 2018 U.S. Dist. LEXIS 230451, at *9 (S.D. Fla. June 8, 2018)).

The substantial grounds for dispute over whether Subsection 227(c)(5)'s private right of action applies to text messages began in 2024, when the Supreme Court "held that courts may not defer to agencies to interpret ambiguous statutes." *Richards*, 2026 U.S. Dist. LEXIS 65696, at *4 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024)). A year later, "the Supreme Court further held that courts are not bound by the FCC's interpretation of the TCPA." *Id.* (citing *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025)). Those decisions have prompted a recent "flood of lawsuits seeking judicial interpretations of 'telephone call' under § 227(c)(5)." *Id.*

Post-*Loper Bright* and -*McLaughlin*, this Court has held both that text messages *are*[2] and *are not*[3] encompassed within Subsection 227(c)(5)'s phrase "telephone call." This Court is the

---

[2] *See, e.g.*, Order (Gayles, J.); *Piet v. Off. Depot, LLC*, CASE NO. 24-81488-CIV-DIMITROULEAS, 2025 U.S. Dist. LEXIS 230981, at *4 (S.D. Fla. Nov. 24, 2025) (Dimitrouleas, J.); *Glasel v. Off. Depot, LLC*, CASE NO: 9:24-cv-80910-WPD, 2025 U.S. Dist. LEXIS 231053, at *5 (S.D. Fla. Nov. 25, 2025) (Dimitrouleas, J.); *McGonigle. v. Off. Depot,*

*only* district court in the Eleventh Circuit to have addressed that issue and to have held that text messages *are* encompassed in Subsection 227(c)(5)'s phrase "telephone call." As addressed below, that position is clearly the minority view in the Eleventh Circuit.

The Seventh Circuit, **this Court**, **every other district court in the Eleventh Circuit** to have addressed this issue (the Northern District of Alabama, the Northern District of Georgia (four decisions, including two from its Chief Judge), the Northern District of Florida (in a decision from its Chief Judge), and the Middle District of Florida (two final decisions and two pending reports and recommendations)), and numerous other district courts have held that Subsection 227(c)(5)'s private right of action *does not* apply to text messages because the phrase "telephone call" does not encompass text messages.[4] The in-District *and* in-Circuit split on this

---

*LLC*, CASE NO. 25-80069-CIV-DIMITROULEAS, 2025 U.S. Dist. LEXIS 231061, at *4-7 (S.D. Fla. Nov. 25, 2025) (Dimitrouleas, J.).

[3] *See Anthony*, 2026 U.S. Dist. LEXIS 210179, at *31 n.16 (Cannon. J.).

[4] *See, e.g.*, *Steidinger*, 182 F.4th at 537; *Anthony*, 2026 U.S. Dist. LEXIS 210179, at *31 n.16; *Conrad*, 2026 U.S. Dist. LEXIS 209507, at *2; *Kendo Holdings,* 2026 U.S. Dist. LEXIS 65154, at *6; *Irvin v. Sonic Indus. Servs., LLC*, No. 3:25-cv-00242-LMM, 2026 U.S. Dist. LEXIS 90262, at *12 (N.D. Ga. Apr. 20, 2026) (May, J.) (holding that the plaintiff's "claim fails as a matter of law under Rule 12(b)(6) because [Subs]ection 227(c)(5)'s private right of action is limited to 'telephone call[s],' a term the Court finds does not encompass text messages"); *Wilson v. Tradercodes, LLC*, 1:25-CV-03211-ELR, slip op., Dkt. No. 33, at 8-9 (N.D. Ga. Mar. 17, 2026) (Ross, J.) (holding that "text messages do not create a private cause of action under [Subsection] 227(c)(5)"); *Radvansky v. 1-800-FLOWERS.COM*, Case No. 1:25-cv-2811-TWT, 2026 U.S. Dist. LEXIS 32415, at *14 (N.D. Ga. Feb. 17, 2026) (Thrash, Jr., J.) (agreeing "with the decisions in this Circuit concluding that the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages. Because the Plaintiff pled only that the Defendant violated 47 U.S.C. § 227(c)(5) through sending text messages in violation of 47 C.F.R. § 64.1200(c), his claim fails as a matter of law."); *Davis*, 797 F. Supp. 3d at 1275-76; *James*, 828 F. Supp. 3d at 1372-73; *El Sayed v. Naturopathica Holistic Health, Inc.*, Case No. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, at *3 (M.D. Fla. Oct. 24, 2025) (Merryday, J.) (holding that "the statutory text" of Subsection 227(c)(5) "is clear, and a text message is not a 'telephone call'" (citation modified)); *Lopresti v. Nouveau Essentials Mktg. LLC*, Case No.: 5:25-cv-00282-CEM-PRL, 2026 U.S. Dist. LEXIS 39599, at *12 (M.D. Fla. Feb. 26, 2026) (Lammens, M.J.) ("The undersigned submits that Defendant is entitled to judgment on the pleadings because Plaintiff lacks a private right of action under § 227(b) and § 227(c) for the text messages alleged in the complaint."); *Internicola v. Mortgagepros, LLC*, Case No.: 6:25-cv-

issue satisfy the second certification element. *See Mais*, 944 F. Supp. 2d at 1252 (finding the second element satisfied "because other courts, including the Seventh Circuit," had "decided the relevant legal issues differently" (collecting cases)); *see also Williams v. Cruise Ships Catering & Serv. Int'l*, Case No. 03-60158-CIV-GOLD/SIMONTON, 2004 U.S. Dist. LEXIS 7586, at *37-38 (S.D. Fla. Mar. 31, 2004) (in certifying an order for interlocutory appeal, this Court noted that there was "substantial ground for difference of opinion regarding" the controlling "issue, as evidenced by the different conclusions three Judges in this Court have reached when examining the same issue.").

Any contention that the Supreme Court or Eleventh Circuit have already issued binding precedent on this issue is mistaken. Post- *Loper Bright* and -*McLaughlin*, many TCPA plaintiffs, including Plaintiff, have argued that the Supreme Court in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) decided the issue of whether text messages are "telephone calls" for purposes of Subsection 227(c)(5)'s private right of action. *See* Plaintiff's Response in Opposition to Cover Bear's Motion, Dkt. No. 30, at 3. But that is not true—according to *the Supreme Court itself*. Instead, in *Campbell-Ewald*, the Supreme Court merely assumed, in dicta, that a text message "qualifies as a 'call' within the compass of [Subsection] 227(b)(1)(A)(iii)" of the TCPA. 577 U.S. at 156; s*ee also Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 & n.2 (2021) (acknowledging

---

01613-AGM-LHP, 2026 U.S. Dist. LEXIS 129255, at *9 (M.D. Fla. June 10, 2026) (Price, M.J.) (Subsection "227(c)(5) applies only to 'telephone calls' and not text messages"); *Card v. R.J. Reynolds Tobacco Holdings, Inc.*, No. 1:26-CV-433, 2026 U.S. Dist. LEXIS 201636, at *6 (M.D.N.C. Sep. 3, 2026) (finding that because "'telephone call' under § 227(c)(5) of the TCPA does not include text messages, Mr. Card fails to state a claim."); *Rush v. Selectquote Ins. Servs.*, No. 6:26-cv-03157-MBB, 2026 U.S. Dist. LEXIS 182934, at *8 (W.D. Mo. July 30, 2026) (finding that the "Defendant is correct that Plaintiff has failed to state a claim because 'text messages' are not 'telephone calls' under § 227(c)(5)"); *Stockdale v. Skymount Prop. Grp., LLC, et al.*, 825 F. Supp. 3d 622, 625-26 (N.D. Ohio 2026) (granting the defendant's motion to dismiss upon a finding that Subsection 227(c)(5)'s term "'telephone call' could not include modern-day text messages").

*Campbell-Ewald*'s statement as dicta); *Steidinger*, 182 F.4th at 537 (explaining that in *Duguid*, the Supreme Court recognized that its observation in *Campbell-Ewald* concerning text messages was "not a substantive decision on the meaning of 'call,' just an assumption" concerning an uncontested issue (citation omitted)); *Conrad*, 2026 U.S. Dist. LEXIS 209507, a *19 (explaining that "the Supreme Court" has not decided the issue of whether Subsection 227(c)(5)'s private right of action applies to text messages).

Likewise, the Eleventh Circuit has not decided this issue, despite this Court's apparently mistaken belief otherwise. *See McGonigle*, 2025 U.S. Dist. LEXIS 231061, at *4-5 (citing *Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303 (11th Cir. 2025), *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302 (11th Cir. 2015), *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), and *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023), and then stating that "this Court will continue to follow existing Eleventh Circuit precedent"); *compare with James*, 828 F. Supp. 3d at 1370 (noting that "**there are no binding Eleventh Circuit or Supreme Court opinions defining 'telephone call**,'" (emphasis added)) and *Conrad*, 2026 U.S. Dist. LEXIS 209507, at *19 (explaining that "the Eleventh Circuit has" not decided the issue of whether Subsection 227(c)(5)'s private right of action applies to text messages).

To be certain, in *Ins. Mktg. Coal.*, *Murphy*, *Salcedo*, and *Drazen*, the question of whether Subsection 227(c)(5)'s private right of action applies to text messages was neither presented nor decided by the Eleventh Circuit. None of those four cases *even mention* Subsection 227(c), much less the private-right-of-action in Subsection 227(c)(5). In *Ins. Mktg. Coal.*, the Eleventh Circuit merely noted that Subsection *227(b)* does "not mention text messages, [but] the FCC—by regulation—has interpreted the word 'call' to include text messages." 127 F. 4th at 307 n.2. The Court then *vacated* that FCC order for exceeding its statutory authority. *See Conrad*, 2026 U.S.

Dist. LEXIS 209507, at *18 (explaining that in *Ins. Mtkg. Coal.*, the Eleventh Circuit decided "whether the FCC overstepped its authority when defining 'prior express consent,'" a phrase relevant to Subsection 227(b), not Subsection 227(c)). *Murphy* is a *Chevron*-era case in which the Court acknowledged the FCC's 2003 expansion of "calls" to include text messages under Subsection 227(b)(1)(A)(iii), but it did not adjudicate that issue. 797 F. 3d at 1305; *see also Conrad*, 2026 U.S. Dist. LEXIS 209507, at *16 (explaining that in *Murphy*, the Eleventh Circuit "refused to contradict the FCC's treatment of 'prior express consent,'" a phrase relevant to Subsection 227(b) not Subsection 227(c), due to its belief at that time that doing "so would violate the Hobbs Act."). *Salcedo* and *Drazen* addressed whether receipt of a single unwanted text message can establish a concrete injury for purposes of Article III standing, not whether a text message is a telephone call under Subsection 227(c)(5) of the TCPA. 936 F.3d at 1172; 74 F. 4th at 1339; *see also Conrad*, 2026 U.S. Dist. LEXIS 209507, at *18 (explaining that in *Drazen*, the Eleventh Circuit "expressly noted that it was not deciding the merits of whether § 227(b)(1)(a)(iii) applies to text messages, so there is no precedential holding."). There are no Eleventh Circuit cases that *even mention*—much less resolve—the dispositive legal question raised in this case concerning the proper scope of "telephone call" in Subsection 227(c)(5).

**3. An Immediate Appeal May Materially Advance the Ultimate Termination of This Case as Plaintiff's Claim Will be Dismissed With Prejudice if the Eleventh Circuit Finds That Subsection 227(c)(5)'s Private Right of Action Does Not Apply to Text Messages.**

The third element is satisfied when "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Mais*, 944 F. Supp. 2d at 1252 (citing *McFarlin*, 381 F.3d at 1259).

The resolution of the controlling, dispositive legal question of whether Subsection 227(c)(5)'s phrase "telephone call" encompasses text messages is determinative as to whether

that subsection's private right of action applies to text messages. If the Eleventh Circuit was to hold that the phrase "telephone call" does not encompass text messages, it would end this case, thereby avoiding trial and terminating the litigation of Plaintiff's claim. At least one other case would also end, never mind the deluge of new TCPA putative class cases filed each week, increasingly here in the Southern District of Florida as the TCPA Plaintiff's bar seeks to avoid all the other district courts in Florida that have rejected these text-message claims as a matter of law.[5]

This case is still in its relative infancy; a scheduling order has not been entered. The only discovery conducted to date is Plaintiff serving two sets of discovery requests on Cover Bear, to which Cover Bear has responded. Thus, this case remains at a point where it will require the expenditure of substantial time and resources (of the parties and the Court) to bring it to a resolution. This motion presents the Court with an opportunity to bring this case to an earlier and less costly resolution by simply certifying the Order for interlocutory appeal. *See Mais*, 944 F. Supp. 2d at 1253 (as part of granting a motion for certification for interlocutory appeal, this Court noted that if it "was wrong as to the legal questions at issue, then Gulf Coast will likely be entitled to summary judgment, bringing the entire case to a halt."); *see also Williams*, 2004 U.S. Dist. LEXIS 7586, at *38 (in certifying an order for interlocutory appeal, this Court noted that proceeding with the case would "require the use of the parties' time and money and considerable judicial resources to examine each of Plaintiff's claims and potentially proceed to trial. If the

---

[5] In *Lopresti*, a Middle District of Florida case, there is a pending report and recommendation concerning this same issue in which the Magistrate Judge has recommended the granting of the defendant's motion for judgment on the pleadings because Subsection 227(c)(5)'s private right of action does not apply to text messages. *See Lopresti*, 2026 U.S. Dist. LEXIS 39599, at *12 ("The undersigned submits that Defendant is entitled to judgment on the pleadings because Plaintiff lacks a private right of action under § 227(b) and § 227(c) for the text messages alleged in the complaint.").

Eleventh Circuit, however, decides to review this case and determines that dismissal is warranted, these resources can be conserved.”).

All three certification elements are easily satisfied here. Whether Subsection 227(c)(5)’s private right of action applies to text messages is clearly the type of dispositive, controlling question of law to which 28 U.S.C. § 1292(b) was intended to apply. Thus, this Court should exercise its discretion and certify its Order for interlocutory appeal to present the Eleventh Circuit with the opportunity to resolve an in-District and in-Circuit split on a controlling question of law that could end this case.

### B. This Court Should Stay This Case While This Motion is Pending and, if Granted, Through the Subsequent Appeal.

This Motion seeks the certification of an order that concerns a case-dispositive, controlling question of law. An Eleventh Circuit reversal of the Order would end this case. Cover Bear’s position is supported by the great weight of on-point caselaw in this Circuit, and shows the real possibility that the Eleventh Circuit could reverse the Order if presented with the opportunity. Thus, staying this case until this Court decides the certification issue, and if granted, through the subsequent appeal, is likely to promote judicial efficiency and preserve the parties’ resources.

A stay of this case will not prejudice Plaintiff. Here, Plaintiff does not purport to seek the recovery of any actual damages and, instead, seeks statutory damages under the TCPA.[6] Therefore, Plaintiff will not suffer any financial hardship should a stay be granted in this case. Additionally, this case is still in its relative infancy, and no scheduling order has been entered, which also supports a stay. *See, e.g.*, *Leace v. Gen. Motors LLC*, CASE NO. 21-CV-60721-RAR,

---

[6] *See* Compl. ¶ 5 (Plaintiff “seeks statutory damages on behalf of himself and members of the class”).

2021 U.S. Dist. LEXIS 126533, at *6-7 (S.D. Fla. July 7, 2021) (granting a stay of discovery pending a dispositive motion where "[t]emporarily staying discovery at this juncture will not create case management obstacles or delay the prosecution of this case"). As such, a stay will have no adverse (or any) impact on Plaintiff or the Court.

This case being a nationwide putative class action also favors a stay. *See, e.g.*, *Pierce v. State Farm Mut. Auto. Ins. Co.*, Case No.: 14-22691-CIV-WILLIAMS, 2014 U.S. Dist. LEXIS 189549, at *2-3 (S.D. Fla. Dec. 10, 2014). Class claims like Plaintiff's typically lead to significant class discovery, thereby multiplying Cover Bear's burden and increasing expenses exponentially. *See Taylor v. Serv. Corp. Int'l*, CASE NO. 20-CIV-60709-RAR, 2020 U.S. Dist. LEXIS 192595, at *10-11 (S.D. Fla. Oct. 16, 2020). Thus, courts routinely stay discovery in class actions like this, implicitly recognizing the heightened burden associated with responding to class discovery, which is almost always entirely borne by defendants like Cover Bear, that could be swiftly assuaged with a ruling on a meritorious case-dispositive motion. *See, e.g.*, *Prohias v. Asurion Corp.*, CASE NO. 05-22259- CIV-SEITZ/MCALILEY, 2006 U.S. Dist. LEXIS 113593, at *2-4 (S.D. Fla. Jan. 9, 2016) (staying discovery in a class action "[w]ithout waiting for an opposition to the Motion to Stay" "so as to prevent potentially unnecessary burdens and expenses"); *O'Neal v. Am. Shaman Franchise Sys., LLC*, Case No. 8:20-cv-936-KKM-AAS, 2022 U.S. Dist. LEXIS 42880, at *3 (M.D. Fla. Mar. 10, 2022) (noting *inter alia* that the "one-sided nature of existing discovery requests in th[e] matter[] present[ed] good cause and unusual circumstances justifying a stay of discovery"); *see also Loreaux v. ACB Receivables Mgmt., Inc.*, Civil Action No. 14-710 (MAS), 2015 U.S. Dist. LEXIS 112250, at *10-11 (D.N.J. Aug. 25, 2015) (noting the "substantial costs and burdens associated with whole scale class action discovery").

Indeed, as one district court commented in a putative TCPA class action, "[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens." *Babare v. Sigue Corp.*, CASE NO. C20-0894-JCC, 2020 U.S. Dist. LEXIS 180262, at *6 (W.D. Wash. Sept. 30, 2020); *see also Am. Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010) (noting class action plaintiffs can "us[e] discovery to impose asymmetric costs on Defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit" (citation omitted)). That is why TCPA plaintiffs reflexively file their claims as putative class cases: so they can use the threat of costly class discovery as a weapon to try to force lofty settlements before their faulty claims can be dismissed on the merits. Here, Plaintiff seeks to certify a nationwide putative class for his TCPA claim,[7] *see* Compl. ¶¶ 30-40, which has already exacerbated the unnecessary costs (especially to Cover Bear, which has already had to respond to Plaintiff's first two rounds of discovery requests). *See Busk v. Integrity Staffing Sols., Inc.*, 2:10-cv-1854-RLH-NJK, 2013 U.S. Dist. LEXIS 126738, at *4 (D. Nev. Sept. 5, 2013) ("Plaintiffs are seeking to pursue a class action which will include nationwide discovery costs and legal fees and ultimately be very costly and burdensome for Defendant."). Thus, the Court should stay discovery to avoid such waste.

This Court has previously stayed cases in similar circumstances. *See, e.g.*, *Mais*, 944 F. Supp. 2d at 1254 ("Because it would waste time and money to require the parties to litigate class certification while the appeal is pending, the Court exercises its discretion to **STAY** this case."); *Omegra Shipping PTE Ltd. of Singapore v. World Fuel Servs. (Singapore) PTE Ltd.*, CASE NO.

---

[7] *At minimum*, the Seventh Circuit's *Steidinger* holding precludes certification for all residents and phone numbers from Illinois, Indiana, and Wisconsin, whose controlling Court of Appeals held there is no right to recovery for these text-message claims as a matter of law. Notably, Plaintiff is an Illinois resident. *See* Compl. ¶ 8 ("Plaintiff is a natural person who, at all times relevant to this action, was a resident of, Cook County, Illinois.").

22-20531-CIV-LENARD/LOUIS, 2023 U.S. Dist. LEXIS 236253, at *22 (S.D. Fla. Feb. 6, 2023) ("The Court will enter an Amended Order Granting in Part and Denying in Part Defendant's Motion to Dismiss the Amended Complaint which certifies the question as articulated above, and staying and administratively closing the case pending the Court of Appeals' decision."). This Court should exercise its discretion to do so again here.

## IV. CONCLUSION

This Court should amend the Order to certify for interlocutory appeal the question of whether text messages are encompassed within Subsection 227(c)(5)'s term "telephone call" and thus whether that subsection's private right of action applies to text messages, because all three certification elements are clearly satisfied. Additionally, this Court should stay this case pending its ruling on the certification portion of this motion, and, if granted, through the subsequent appeal.

## V. LOCAL RULE 7.1(a)(3) CERTIFICATION

On September 23, 2026, Cover Bear's undersigned counsel conferred with Plaintiff's counsel, via a Teams call, concerning the relief sought in this motion. Plaintiff's counsel represented that Plaintiff opposes both the certification of the Order and the staying of this case.

Dated: September 23, 2026

Respectfully submitted,

THE COVER BEAR, LLC

By: /s/ *Carl Taylor Smith*
Carl Taylor Smith
ROTH JACKSON
1519 Summit Ave., Suite 102
Richmond, VA 23230
Telephone: (804) 729-4440
Facsimile: (804) 441-8438
Email: tsmith@rothjackson.com
*Counsel for The Cover Bear, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September 2026, I caused a copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of this filing electronically to all counsel of record.

/s/ *Carl Taylor Smith*
Carl Taylor Smith